UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GORDON COOLEY, | No. 2:14-cv-0343 KJN P |
| Petitioner, | |
| v. | ORDER |
| K. HOLLAND, | |
| Respondent. | |

I. Introduction

     Petitioner is a state prisoner proceeding without counsel. Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). In his habeas petition, petitioner claims ineffective assistance of counsel in violation of the Sixth Amendment based on counsel's alleged errors in connection with plea offers, and at sentencing. On June 25, 2014, respondent was directed to file a responsive pleading within sixty days. On July 7, 2014, petitioner filed a request for the court to consider newly-obtained sealed transcripts from Marsden hearings, and to release petitioner on his own recognizance pending the final outcome of the petition. The request to consider transcripts is granted, but as set forth below, petitioner's motion for release pending decision is denied.

////

////

1

II. Background

In Case No. 12F01741, petitioner was initially charged in Sacramento County Superior Court with attempted residential burglary, possession of burglary tools, resisting arrest, and false identification to a police officer. (ECF No. 1 at 183.) Deputy District Attorney Neil Ferrera prosecuted this case, and the defendant's name "Middleton, Michael Gordon," shows that "Middleton" was crossed out and "Cooley, Michael Gordon" interlineated in as defendant. (ECF No. 1 at 183.) An amended criminal complaint, filed by Deputy District Attorney Robert Clancey, was filed on July 13, 2012, in which petitioner was charged with attempted residential burglary, possession of burglary tools, false personation, false identification to a police officer, and three Penal Code § 667.5(b) prior-prison-term enhancements for prior terms served. (ECF No. 1 at 184.) Petitioner's brother, James Cooley, was charged as a codefendant, with attempted residential burglary, possession of burglary tools, and three prior prison term enhancements. (ECF No. 1 at 184.)

In Case No. 12F02616, on April 10, 2012, Deputy District Attorney Robert Clancey filed a criminal complaint against a "Robert Martin Livingston a.k.a. Michael Cooley," charging him with two counts of retention of personal identifying information, three counts of second degree burglary, and five enhancements for prior prison terms served. (ECF No. 1 at 184.) The files and minute orders in Case No. 12F02616 reflect that the court was not informed of petitioner's true name until April 18, 2012. (ECF No. 1 at 184.)

In Case No. 12F02817, on April 23, 2012, a different deputy district attorney filed a criminal complaint charging petitioner Michael Cooley with second degree burglary, check fraud, and possession of personal identifying information. (ECF No. 1 at 184.)

On August 24, 2012, petitioner pled guilty to attempted first degree burglary, identity theft - 10 or more, and identify theft. (ECF No. 1 at 137.) Petitioner was sentenced to three years on attempted burglary, eight months on identity theft, eight months on possession of more than ten identities, and an additional one year per count under California Penal Code § 667.5(b), for a total prison term of seven years and four months. (ECF No. 1 at 1; 185.) Petitioner's co-defendant, James Cooley, pled guilty to one count of attempted burglary; the remaining counts and

1 enhancements were dismissed, and he was sentenced to three years in state prison. (ECF No. 1 at
2 185.)

3 III. Standards Governing Release Pending Habeas Decision

4     The Ninth Circuit Court of Appeals has not yet decided whether a district court has the
5 authority to grant bail pending a decision on a habeas corpus petition. In re Roe, 257 F.3d 1077,
6 1079-80 (9th Cir. 2001). Other circuit courts have held that district courts possess such
7 discretionary authority. Hall v. San Francisco Superior Court, 2010 WL 890044, *2 (N.D. Cal.
8 March 8, 2010 (citing cases from the First, Second, Third, Fifth, Sixth, Seventh, Tenth and
9 District of Columbia Circuit Courts of Appeal). The bail standard for a prisoner seeking
10 collateral review is markedly different from the standard applied to a pretrial detainee. Persons
11 accused of crimes and awaiting trial are presumed innocent and thus enjoy an Eighth Amendment
12 right to be free from excessive bail. Stack v. Boyle, 342 U.S. 1, 4 (1951). By contrast, a habeas
13 corpus petitioner requesting post-conviction relief has already been convicted and thus is no
14 longer presumed innocent and no longer enjoys a constitutional right to freedom, however
15 conditional. Aronson v. May, 85 S. Ct. 3 (1964) (Douglas, J., in chambers); Glynn v. Donnelly,
16 470 F.2d 95, 98 (1st Cir. 1972). Bail pending a decision in a habeas case is reserved for
17 extraordinary cases involving special circumstances or a high probability of success. See
18 Aronson, 85 S. Ct. at 5; Galante v. Warden, 573 F.2d 707, 708 (2d Cir. 1977).

19     Thus, to obtain such relief, petitioner must demonstrate that this is an extraordinary case
20 involving special circumstances and a high probability of success. In re Roe, 257 F.3d at 1080,
21 citing Land v. Deeds, 878 F.2d 318 (9th Cir. 1989).

22     Courts have narrowly construed the circumstances justifying relief. See Calley v.
23 Callaway, 496 F.2d 701, 702 (5th Cir. 1974) (on habeas review, bail should be granted "only
24 when the petitioner has raised substantial constitutional claims upon which he has a high
25 probability of success, and also when extraordinary or exceptional circumstances exist which
26 make the grant of bail necessary to make the habeas remedy effective.") Exceptional
27 circumstances may be found and, in the court's discretion, warrant a petitioner's release on bail
28 where: (1) petitioner's health is seriously deteriorating while he is incarcerated, Woodcock v.

3

1  Donnelly, 470 F.2d 93 (1st Cir. 1972) (per curiam); Johnston v. Marsh, 227 F.2d 528 (3rd Cir.
2  1955); (2) there is an extraordinary delay in the processing of a petition, Glynn, 470 F.2d at 95;
3  and (3) the petitioner's sentence would be completed before meaningful collateral review could
4  be had, Boyer v. City of Orlando, 402 F.2d 966 (5th Cir. 1968) (bail granted where court
5  concluded petitioner should present claims to state courts, despite state courts' precedents
6  denying relief for his claim, and feared petitioner's sentence would run before exhaustion could
7  be completed.

8  IV.  Discussion

9       Here, petitioner fails to demonstrate that this case is extraordinary involving special
10 circumstances, or that there is a high probability of success.  Petitioner argues that because he was
11 deprived of an opportunity to accept a two year plea offer due to the ineffective assistance of his
12 counsel, he has served more than the two year offer at issue.  Petitioner contends that if
13 "something is not done soon," he will have completed the full seven year, four month sentence,
14 rendering his challenge moot.  (ECF No. 27 at 5.)  Petitioner contends he is not a violent offender,
15 and is not a danger to society.  (ECF No. 27 at 6.)  Petitioner states he has a stable home,
16 employment, and family support upon his release.  (Id.)  He claims his current release date is July
17 26, 2015.  (ECF No. 27 at 5.)

18      However, review of the petition and the documents submitted by petitioner fail to
19 demonstrate that petitioner has a high probability of success.

20      Under Strickland v. Washington, 466 U.S. 668 (1984), a petitioner must show that
21 counsel's performance was objectively deficient and that counsel's deficient performance
22 prejudiced the petitioner.  Id. at 687.  To satisfy Strickland's prejudice prong when a petitioner
23 has pleaded guilty, he must show that "there is a reasonable probability that, but for counsel's
24 errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v.
25 Lockhart, 474 U.S. 52, 59 (1985) (citations omitted).  To show that prejudice resulted from the
26 ineffective assistance of counsel "where a plea offer has lapsed or been rejected because of
27 counsel's deficient performance, [a petitioner] must demonstrate a reasonable probability" that
28 (1) he "would have accepted the earlier plea offer," and (2) "the plea would have been entered

1 without the prosecution canceling it or the trial court refusing to accept it, if they had the
2 authority to exercise that discretion under state law." Missouri v. Frye, 132 S. Ct. 1399, 1409
3 (2012).[1]

4     Here, petitioner's claim that a two year plea offer was open and available for him to
5 accept is complicated by the record which demonstrates he faced multiple charges, some of which
6 were filed under different names and initially filed by different district attorneys in three separate
7 criminal complaints. Moreover, in its August 15, 2013 order addressing the petition for writ of
8 habeas corpus, the Sacramento County Superior Court noted that

> The minute orders for Case No. 12F01741 indicate that early on, there had been an original offer of a plea bargain for two years in that case, as there is an indication in the entry for April 18, 2012 that defense counsel had asked that the offer stay open at that time; there is no indication as to whether the prosecution agreed to do so.

12 (ECF No. 1 at 184.)

13     At the June 28, 2012 Marsden hearing, petitioner stated that he previously agreed, on
14 either April 18 or May 1, in open court, to take the prosecution's two year offer. (ECF No. 24 at
15 6.) Petitioner's counsel confirmed that she had stated the offer on the record; however, she also
16 stated that Deputy District Attorney Clancey had not given her the same offer or a new offer, but
17 wanted to first review all discovery pertaining to petitioner as well as his prior convictions. (ECF
18 No. 24 at 9.)

19     In addition, the record reflects that an offer was first made on April 18, 2012. On April
20 18, 2012, Deputy District Attorney Lisa Burroughs made an offer to petitioner's counsel, who had
21 "just barely relayed" it to petitioner, and counsel asked that the offer remain open at least through
22 preliminary hearing. (ECF No. 1 at 62.) The District Attorney responded that she "could not
23 authorize the prelim deputy," but would "make the representations that [petitioner's counsel] just
24 did." (ECF No. 1 at 62.) Preliminary hearing was set for May 1, 2012. The District Attorney

---

[1] Under California law, there is no presumption that a plea agreement would have been approved by a trial court merely because plea agreements are in fact often approved; rather, the trial court's approval of the agreement "must represent an informed decision in furtherance of the interests of society" that must not be "arbitrarily abdicate[d]." See In re Alvernaz, 2 Cal. 4th 924, 941, 8 Cal. Rptr. 2d 713 (1992).

1  described the offer as: "Mid-term on the attempt[ed] burglary, as charged in Count One, to both

2  for two years." (ECF No. 1 at 62.) Petitioner then entered a plea of not guilty. (ECF No. 1 at

3  63.) At the end of the hearing, petitioner's counsel stated, "I want the record to show Michael

4  Cooley is along for the ride at this point." (ECF No. 1 at 63.) Thus, while it appears counsel

5  wanted the record to reflect that petitioner was willing to cooperate, the April 18, 2012 transcript

6  does not reflect that the district attorney agreed to keep the offer open through the preliminary

7  hearing. The April 18, 2012 transcript does not reflect that petitioner accepted the offer by

8  District Attorney Burroughs.

9  At least one of the subsequently-filed criminal complaints was filed after the April 18,

10  2012 hearing.

11  Review of subsequent hearing transcripts provided by petitioner fails to demonstrate that

12  petitioner had accepted a two year offer in open court on May 1 or during any other in-court

13  proceedings prior to the Marsden hearing on June 28, 2012. (ECF No. 1 at 36-93.)

14  On July 9, 2012, petitioner's Marsden motion was granted, and counsel was relieved, but

15  the plea offer, if any, was not discussed on the record. (ECF No. 25, *passim*.)

16  Moreover, during the August 24, 2012 sentencing, petitioner's counsel explained that

17  Deputy District Attorney Clancey had offered eight years, but that petitioner "wanted something

18  significantly less." (ECF No. 1 at 127.) Petitioner spoke with his counsel off the record, and

19  counsel then clarified to the court that petitioner wanted two years. (Id.) Counsel continued:

20  > I went downstairs and spoke with [petitioner] and told him that the plea was going to be two, count as described. I miscalculated I said 6/4 instead of 7/4. I discussed that with him. We came back up here and corrected the numbers and spoke with [petitioner] again. Despite that and we discussed it, he decided he was willing to take it. But it was my mistake in terms of math calculations in terms of my discussions with him downstairs. And despite that, he is still willing to take this plea as here. I just wanted the record to show I did make a math error with him and a misrepresentation, corrected it when we came up here before we took the plea before the Court proceeded in taking the plea. . . .

26  (ECF No. 1 at 128.) Petitioner was then sentenced to three years for attempted first degree

27  burglary. (ECF No. 1 at 128.) This sentence was in addition to the two eight month terms on the

28  ////

identity theft counts, and the one year per count enhancements, for a total prison term of seven years, four months.

For all of the above reasons, the court finds that petitioner fails to demonstrate a strong likelihood of success on his claims.

Similarly, petitioner fails to show special or exceptional circumstances exist to warrant his immediate release pending disposition of the habeas petition.  Whether or not petitioner was sentenced to two or three years on count one, he was also sentenced to eight months each on counts two and three, and his sentence was enhanced by one year per count.  Thus, petitioner was not facing a prison term of two or three years total, but rather a total sentence of seven years and four months.  Petitioner contends his brother, James Cooley, was released a few months ago.  However, James Cooley pled guilty to only one count, for which he was sentenced to three years in state prison, with no enhancements.

Nonetheless, the Ninth Circuit has held that where a short sentence may constitute exceptional circumstances, a motion for release pending habeas review is appropriately denied where the petitioner failed, as here, to establish a high probability of success on his habeas claims.  Hall, 2010 WL 890044 at *13.

After review of the petition and its exhibits, as well as petitioner's request, the undersigned finds that petitioner fails to show that the merits of his claims are so strong that they indicate a high probability of success, and that special circumstances require his immediate release pending disposition of the instant petition.  Therefore, petitioner's request is denied.  However, in light of petitioner's alleged release date of July 26, 2015, respondent is informed that the undersigned is not inclined to entertain extensions of time to file its responsive pleading.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request that the court consider the lodged Marsden transcripts in connection with the instant petition (ECF No. 27) is granted; and

////

////

2. Petitioner's motion to be released pending disposition of his habeas petition (ECF No. 27) is denied.

Dated: August 7, 2014

/cool0343.bail

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE